Roman M. Silberfeld (SBN 62783)
RSilberfeld@robinskaplan.com
Bernice Conn (SBN 161594)
BConn@robinskaplan.com
ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: 310-552-0130
Facsimile: 310-229-5800

Attorneys for Petitioner Biljana Capic



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BILJANA CAPIC,<br>Petitioner,<br>v.<br>CAPSTONE LAW APC,<br>Respondent. | Case No.<br>***EX PARTE* APPLICATION FOR AN ORDER PERMITTING DISCOVERY FOR USE IN A FOREIGN PROCEEDING UNDER 28 U.S.C. § 1782** |

Pursuant to 28 U.S.C. § 1782, Petitioner Biljana Capic ("Petitioner"), by and through her undersigned counsel, makes the following application to conduct discovery of Capstone Law APC ("Capstone") which conducts business and is found in the Central District of California and is counsel of record for a class of plaintiffs in cases pending in this District titled *Klipfel vs. Ford Motor Company*, Case No. 2:14-cv-02140-AB (FFMx) and *Omar Vargas v. Ford Motor Company*, Case No. 2:12-cv-08388 AB (FFMx) consolidated before the Hon. Andre Birotte Jr. on December 2, 2015 (*Vargas* Dkt. No. 34). The discovery is sought for use in a foreign proceeding titled *Biljana Capic v. Ford Motor Company of Australia Ltd*, ACN 004 116 223, filed in the Federal Court of Australia, New South Wales Registry.

# TABLE OF CONTENTS

**Page**

I. JURISDICTION ........ 1
II. VENUE ........ 1
III. BACKGROUND ........ 1
IV. RELIEF REQUESTED ........ 4
   A. Discovery Sought ........ 4
   B. The Discovery Sought by Petitioner Meets the Requirements of 28 U.S.C. § 1782 ........ 7

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Advanced Micro Devices, Inc., v. Intel Corp,*
292 F.3d 664 (9th Cir. 2002) ....................9, 10, 11

*Edelman v. Taittinger,*
295 F.3d 171 (2d Cir. 2002)....................8

*Fleischmann v. McDonald's Corp.,*
466 F. Supp. 2d 1020 (Dist. Ill. 2006) ....................9,10

*Four Pillars Enters. Co., v. Avery Dennison Corp.,*
308 F.3d 1075 (9th Cir. 2002) ....................11

*Heraeus Kulzer, GmbH v. Bioment, Inc.*
633 F.3d 591 (7th Cir. 2011) ....................11

*In Re Application of TPK Touch Solutions (Xiamen), Inc.,*
No. 16-mc-80193-DMR, 2016 U.S. Dist. LEXIS 159681 (N.D. Cal. Nov. 17, 2016) ....................8,9

*In Re Ching Chung Taoist Ass'n of H.K.,*
3:16-mc-80157-LB, 2016 U.S. LEXIS 131686, 2016 WL 5339803 (N.D. Cal. Sept. 23, 2016) ....................11

*In Re: Kiobel,*
2017 U.S. Dist. LEXIS 9746 (S.D.N.Y. Jan. 24 2017) ....................7

*In Re O'Keefe,*
No. 2:14-cv-01518-RFB-CWH, 2016 U.S. Dist. LEXIS 53572 (Dist. Nev. April 4, 2016) ....................11

*In Re Petition for Judicial Assistance Pursuant to 28 U.S.C. § 1782,*
No. 16-2389 (JAD), 2016 U.S. Dist. LEXIS 68379 (D.N.J. May 25, 2016) ......10

*In re Republic of Kaz for an Order Directing Discovery from Clyde & Co. L.L.P. Pursuant to 28 U.S.C. § 1782,*
110 F. Supp. 3d 512 (S.D.N.Y. 2015) ....................7, 9,10

*In Re Schmitz,*
259 F. Supp. 2d 294, 296 (S.D.N.Y. 2003) ....................7

*In Re Varian Med. Sys. Int'l AG*,
No. 16-mc-80048-MEJ, 2016 U.S. Dist. LEXIS 38911; 2016 WL 1161568 (N.D. Cal. March 24, 2016) ........ 1

*Intel Corp. v Advanced Micro Devices, Inc.*,
542 U.S. 241 (2004) ........ 7, 8, 9, 10

*Schmitz v. Bernstein Liebhard & Liftshitz, LLP*,
376 F.3d 79 (2d. Cir. 2004) ........ 7

**Statutes**

28 U.S.C. § 1391 ........ 1

28 U.S.C. § 1782 ........ 1, 4, 7, 9, 10, 11, 12

28 U.S.C. § 1782(a) ........ 8, 9

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

Petitioner alleges as follows:

## I. JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1782.

2. Section 1782 Applications are reviewed regularly on an *ex parte* basis. *See, In Re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 U.S. Dist. LEXIS 38911 at *6; 2016 WL 1161568 (N.D. Cal. March 24, 2016) (citing cases). Typically, orders granting § 1782 Applications only "authorize" the issuance of discovery (such as the Subpoena attached to the Declaration of Bernice Conn filed concurrently herewith) reserving to opposing and other parties the right to object to or to move to quash such discovery after service. *Id.*

## II. VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391and 28 U.S.C. § 1782 because Capstone maintains professional law offices, conducts business and is found, in this District.

## III. BACKGROUND

4. On May 17, 2016, Petitioner Biljana Capic filed a representative action against Ford Motor Company of Australia Limited ("Ford Australia") in the New South Wales Registry of the Federal Court in Sydney, Australia ("the Ford Australia Proceedings"). The action currently is pending as CAN 004-116-223 before Justice Perram. *See* Declaration of Milan Cakic ("Cakic Decl.") filed concurrently herewith at ¶ 2 and Exhibits 1 & 2 thereto.

5. Petitioner alleges that she and others acquired by lease or purchase certain Ford motor vehicles fitted with a DPS 6-speed dry dual-clutch PowerShift transmission ("DPS6 transmission") used in the following Ford vehicle models: 2011-2012 Ford Focus Models: Titanium LW, Sport LW, Trend LW, Ambiente LW; 2013 – 2015 Ford Focus Models: Sport LW MKII, Titanium LW MKII, Ambiente LW MKII and Trend LW MKII; 2010-2013 Ford Fiesta Models: Zetec

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES



61364327v1
61377672.1

WT, LW WT, CL WT, and Fiesta CL WT; 2012-2015 Ford Fiesta Sport EcoBoost WZ; 2013-2016 Ford Fiesta Models: Trend WZ, and Ambiente WZ; 2013-2016 Ford Ecosport Titanium BK, Trend BK and Ambiente BK. *Id.* at Exhibit 2, ¶ 1-4.

6. Petitioner alleges that she and such other Ford customers suffered loss or damage because of the following defects with the DPS6 transmission: delayed or harsh gear shifting during acceleration, sudden gear change or skipping gears, leading to shuddering, jerking, bucking or kicking of the vehicle, harsh transmission noise, unsteady and/or uncontrolled movement, transmission overheating and malfunction, loud engine noise and sudden loss of power under ordinary driving conditions. *Id.* at Exhibit 2, ¶ 6A-6B.

7. Petitioner alleges that the Ford vehicles purchased by Petitioner and other Ford customers required frequent service that failed to correct all of the problems because the PowerShift transmissions in their cars were defective. *Id.* at Exhibit 2, ¶ 6C-6E.

8. Petitioner also alleges that Ford made a series of false, misleading and deceptive statements about the qualities and characteristics of the PowerShift transmission in announcements and media release and on its Australian website. Petitioner alleges that she and other Ford customers were misled by such false statement and advertising. *Id.* at Exhibit 2, ¶ 7-25B. Petitioner further alleges that Ford has failed to meet the statutory guarantees imposed by law. *Id.* at Exhibit 2, ¶ 27-31.

9. There is currently pending in this court Case No. 2:14-cv-02140-AB (FFMx), titled *Klipfel v. Ford Motor Company* and Case No.: 2:12-cv-08388 ABC (FFMx) titled *Omar Vargas v. Ford Motor Company* consolidated before the Hon. Andre Birotte Jr. on December 2, 2015 (*Vargas* Dkt. No. 34) (collectively the "Ford US Proceedings"). The Ford US Proceedings involve Ford vehicles with defects similar in nature to those alleged in the Ford Australia proceedings including clutch slippage, kicking or jerking, delayed acceleration and/or sudden



ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

deceleration or stopping, all emanating from a 6-speed dry dual-clutch DPS6 transmission produced in the same factories as the DPS6 transmissions in Ford vehicles sold in Australia.

10. Ford Motor Company is a party to the Ford US Proceedings, but is not a party to the Ford Australia Proceedings. Thus, Petitioner is unable to conduct discovery of Ford Motor Company in the Ford Australia Proceedings. *Id.* at ¶ 9.

11. Getrag Transmission Corporation and LuK Transmission Systems LLC, independent third-party manufacturers, were charged with the design, testing and manufacture of DPS6 transmissions fitted to Ford vehicles sold in Australia and the United States. Extensive discovery was conducted of Getrag Transmission Corporation in the Ford US Proceedings. See Plaintiffs' Unopposed Motion for Approval of Class Action Settlement in the *Vargas* case, Docket #120, at lines 27 and 28 of Page ID #984 through lines 3 and 5 of Page ID # 985 and line 17 of Page ID # 1001 of the *Vargas* action.

12. According to evidence put before the Federal Court of Australia by individuals in the employ of Ford Australia, the software for each DPS6 transmission was designed, developed, tested and continuously improved by Ford Motor Company in the United States, the Respondent's parent entity. See Cakic Decl. at ¶ 6.

13. A four-week hearing commencing June 11, 2018 is scheduled in the Ford Australia Proceedings. The Applicant currently is preparing her evidence, although no timetable has yet been set by the court for the completion and service of such evidence. *Id.* at ¶ 7.

14. Australian-based discovery against Ford Australia has recently commenced and certain orders have issued. *Id.* at ¶ 8 and Ex. 3. Ford Australia has opposed Petitioner's attempts to obtain access to documents produced by Ford Motor Company in the Ford US Proceedings. *Id.* at ¶ 13. The Judge overseeing the Ford Australia Proceedings in the Federal Court of Australia is aware of this



ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

application. *Id.* at ¶ 13 and Ex. 4 at pages 11-15.

15. Additionally, on July 26, 2017, the Australian Competition and Consumer Commission (ACCC), an independent Commonwealth statutory authority whose role is to enforce the Competition and Consumer Act 2010, promoting competition and fair trading for the benefit of all Australians, instituted proceedings against Ford Australia alleging that it engaged in unconscionable and misleading or deceptive conduct and made false or misleading representations in its response to customer complaints relating to Ford vehicles sold in Australia equipped with the DPS6 PowerShift transmission. *Id.* at ¶s 14-17 and Ex. 5 & 6.

## IV. RELIEF REQUESTED

### A. Discovery Sought

16. Under 28 U.S.C. § 1782, parties such as Petitioner may obtain discovery for use in foreign litigation from companies or individuals located within the United States.

17. Petitioner seeks here to obtain access to deposition transcripts of current and former employees of Ford Motor Company as well as documents produced by Ford Motor Company in the Ford US Proceedings and the deposition transcript of Getrag's corporate representative that are in the possession of the Capstone law firm, counsel for the plaintiffs in the Ford US Proceedings. Petitioner seeks to obtain the following documents in the possession of Capstone concerning the DPS6 transmissions at issue in both the Ford US and Ford Australia proceedings:

a. Documents re: Customer Campaigns, Technical Service Bulletins, Recalls, Service Messages, including 6day, 8day and 14day cost analyses and total expenditures for each relating to the DPS6 transmission;

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

b. Communications with 3rd party suppliers (Getrag Transmission Corporation and LuK Transmission Systems, LLC) relating to the DPS6 transmission including agreements, cost-sharing and settlements;

c. Shop manuals, repair procedures, parts descriptions, exemplar units, part numbers and internal nomenclature for United States vehicles encompassed by the US Ford Proceedings;

d. Communications with dealers in the United States on how to handle sales and complaints relating to the DPS6 transmission ;

e. Communications with customers, brochures, booklets, and any customer disseminations in the United States relating to the DPS6 transmission;

f. All revisions and modifications to the DPS6 transmission and its components;

g. Documents relating to the development of the DPS6 transmission;

h. Communications with governmental agencies in the United States and/or Australia relating to the DPS6 transmission;

i. Documents reflecting the number of consumer complaints, repairs, part replacements, repairs and buybacks in the United States and Australia relating to the DPS6 transmission;

j. Minutes from meetings regarding the DPS6 transmission;

k. Failure rate, claim rate, customer service calls relating to the DPS6 transmission in the United States and/or Australia; and

l. Public statements by Ford personnel, including to publications in the United States and Australia relating to reported, known or suspected problems with the DPS6 transmissions;

m. The DPS6 Evidence Book compiled by Ford that catalogues the steps taken by Ford during the DPS6 transmission's development, manufacture and implementation.

18. Petitioner also seeks to obtain copies of transcripts of the depositions of Ford personnel and of Getrag Transmission Corporation's corporate representative(s) taken in the Ford US Proceedings, including all exhibits to the depositions. Attached as Exhibit 1 to the Declaration of Bernice Conn filed concurrently herewith is a proposed Subpoena that Petitioner seeks to serve on Capstone if this Application is granted.

19. Petitioner and her counsel are aware that some or all of the documents and deposition testimony and exhibits sought by this Application are subject to a Protective Order agreed to by the parties and issued in the Ford US Proceedings. Petitioner and her counsel agree to be bound by the terms of that Protective Order for the purpose of obtaining the documents and depositions sought in this Application and for the purpose of communicating with the Capstone lawyers concerning the documents and depositions produced pursuant to this Application and Subpoena. Petitioner and her counsel are willing to be bound by any other Orders of this Court in connection with the granting of this Application. See Cakic Decl. at ¶ 12 and Conn Decl. at ¶ 3.

20. Petitioner does not seek by this Application or Subpoena to obtain any privileged material. Presumably, no such material is encompassed within the scope of this Application or the proposed Subpoena because no privileged information would have been produced to Capstone by Ford Motor Company in the Ford US Proceedings.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

21. Upon filing this Application, a copy will be provided within 3 business days to the attorneys acting for Ford Australia in the Ford Australia Proceedings. If, prior to this Court's consideration of this Application Ford Australia seeks the issuance of an anti-suit injunction prohibiting Petitioner from pursuing this Application and discovery in the U.S. court, Petitioner and her counsel agree not to serve the attached Subpoena pending a ruling by the Australian court on any such application by Ford Australia.

**B. The Discovery Sought by Petitioner Meets the Requirements of 28 U.S.C. § 1782**

22. Section 1782, which dates back to 1855, "is the product of congressional efforts, over the span of nearly 150 years, to provide federal court assistance in gathering evidence for foreign tribunals." *Intel Corp. v Advanced Micro Devices, Inc.*, 542 U.S. 241, 247, 124 S. Ct., 2466, 159 L. Ed. 2d 355 (2004).

23. Law firms are not exempt from the reach of § 1782. *In Re: Kiobel*, 2017 U.S. Dist. LEXIS 9746 (S.D.N.Y. Jan. 24 2017)[1]; *In re Republic of Kaz for an Order Directing Discovery from Clyde & Co. L.L.P. Pursuant to 28 U.S.C. § 1782*, 110 F. Supp. 3d 512, 515 (S.D.N.Y. 2015); *In Re Schmitz*, 259 F. Supp. 2d 294, 296 (S.D.N.Y. 2003) *aff'd, Schmitz v. Bernstein Liebhard & Liftshitz, LLP,* 376 F.3d 79, 83 (2d. Cir. 2004).

24. 28 U.S.C. § 1782(a) provides that:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or a request

[1] Judge Hellerstein's Order currently is stayed, pending the 2nd Circuit's ruling on Cravath's appeal.



ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

> made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

25. As pertains to this Application, §1782(a) requires: (1) that the person from whom discovery is sought resides or is found in the district of the district court to which the application is made; (2) that the discovery sought be for use in a proceeding before a foreign tribunal; and (3) that the application be made by ". . .any interested person." *Id.; see also In Re Application of TPK Touch Solutions (Xiamen), Inc.*, No. 16-mc-80193-DMR, 2016 U.S. Dist. LEXIS 159681 at *4 (N.D. Cal. Nov. 17, 2016).

26. This Application meets the statutory requirements of § 1782. First, Capstone resides and is found within this District by virtue of its maintenance of professional offices and its professional business activities within this district. *Edelman v. Taittinger*, 295 F.3d 171, 177-181 (2d Cir. 2002). Second, the discovery sought is for use in a proceeding before a foreign tribunal, the Federal Court of Australia. *Intel Corp. v Advanced Micro Devices, Inc.* 542 U.S. 241 at 257. Third, Petitioner is an "interested party" within the scope of § 1782 since she is a party to the foreign proceedings. *Id.* at 256-257.



ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

27. When § 1782's three-part statutory test is met, "a district court is free to grant discovery in its discretion." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 at 264; *see also, In Re Application of TPK Touch Solutions (Xiamen), Inc.*, *supra,* at *3-4. Courts have stressed that § 1782 should be given broad effect: "Allowance of liberal discovery seems entirely consistent with the twin aims of section 1782; providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Advanced Micro Devices, Inc., v. Intel Corp*, 292 F.3d 664, 669 (9th Cir. 2002) *aff'd Intel Corp. v Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

28. In exercising its discretion, a district court evaluates a §1782 Application with consideration of the following factors: (1) whether the person from whom discovery is sought is not a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign court to U.S. federal court assistance; (3) whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is "unduly intrusive or burdensome". *Intel Corp. v Advanced Micro Devices, Inc.* 542 U.S. 241 at 264-65; *In re Republic of Kaz for an Order Directing Discovery from Clyde & Co. L.L.P. Pursuant to 28 U.S.C. § 1782*, 110 F. Supp. 3d at 516.

29. There is no requirement that the party seeking discovery establish that the information sought would be discoverable or admissible under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *Intel Corp. v Advanced Micro Devices, Inc.* 542 U.S. 241 at 260-263; *Fleischmann v. McDonald's Corp.*, 466 F. Supp. 2d 1020, 1027-1029 (Dist. Ill. 2006). In fact, however, in this situation, United States law has allowed in the Ford US Proceedings the discovery sought by this Application.

30. Here, the first and third *Intel* factors weigh in favor of allowing the

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

discovery sought. Ford Motor Company is not a party to the Australia action and is not subject to the jurisdiction of the Australian court. *Intel Corp. v Advanced Micro Devices, Inc*. 542 U.S. 241 at 264. The fact that it is the parent company to Ford Australia does not render it a participant in the Australian proceedings nor subject it to discovery in the Ford Australia Proceedings for purposes of a § 1782 analysis. *Fleischmann v. McDonald's Corp.*, 466 F. Supp. 2d at 1030-1031. Petitioner is not seeking to avoid the restrictions of Australian law through this Application; she is seeking discovery relevant to the Ford Australia Proceedings from a U.S. entity not subject to the jurisdiction of the Australian courts.

31. The second *Intel* factor also weighs in favor of allowing the discovery sought. Petitioner seeks to obtain information and testimony concerning the same vehicle transmissions sold in Australia and at issue in the Ford US Proceedings now pending before the Australian federal court. The discovery is directly relevant to the Ford Australia Proceedings. It originally was contemplated that this Application would be limited to documents produced by Ford Motor Company during discovery in the United States litigation, but Petitioner recently learned that relevant depositions were taken in the Ford US Proceedings and seeks through this Application also to obtain certain of those deposition transcripts. See Cakic Decl. at ¶ 13. The Judge presiding over the Ford Australia Proceedings is aware that an application of this kind has been under consideration for some time and has not enjoined Petitioner from attempting to obtain the discovery sought in this Application. *Id.* at ¶ 13 and Ex. 4 at pages 11-15. Furthermore, "[p]arties that apply for discovery under § 1782 enjoy a presumption in favor of foreign tribunal receptivity that can only be offset by reliable evidence that the tribunal would reject the evidence." *In Re Petition for Judicial Assistance Pursuant to 28 U.S.C. § 1782*, No. 16-2389 (JAD), 2016 U.S. Dist. LEXIS 68379, at *11 (D.N.J. May 25, 2016) (citation omitted).

32. Finally, the fourth *Intel* factor also weighs in favor of allowing the

discovery sought. The request places no additional burden or expense on Ford Motor Company. The discovery sought by this Application was compiled and produced in compliance with the prior orders of this court and the U.S. Federal Code of Civil Procedure. It is in the possession of the Capstone law firm and easily can be produced in response to Petitioner's Subpoena.

33. Once such discovery is authorized, the Federal Rules of Civil Procedure and discovery management come into play. *Heraeus Kulzer, GmbH v. Bioment, Inc.* 633 F.3d 591, 597, 599 (7th Cir. 2011). The stipulated Protective Order between the parties does not bar the discovery sought by Petitioner and authorized under § 1782. *Four Pillars Enters. Co., v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002); *see also, In Re O'Keefe*, No. 2:14-cv-01518-RFB-CWH, 2016 U.S. Dist. LEXIS 53572 at *11-12 (Dist. Nev. April 4, 2016). As noted, for purposes of this Application, Petitioner and her counsel are willing to be bound by the relevant provisions of the existing Protective Order and any other orders issued by this court.

34. Petitioner's counsel will serve counsel in the Ford Australia Proceedings with a copy of this Application within 3 business days of its filing to the attorneys acting for Ford Australia in the Ford Australia Proceedings. Should Ford Australia seek the issuance of an anti-suit injunction or seek other relief from the Australian court that would affect this Application, this court may stay the service of the attached Subpoena until the Australian court rules and this court is advised of the outcome of the foreign proceedings. A district court may, in addition to authorizing the issuance of discovery under § 1782, and at a party's request, order that the service of such discovery be stayed pending the outcome of events in the foreign tribunal. *In Re Ching Chung Taoist Ass'n of H.K.*, 3:16-mc-80157-LB, 2016 U.S. LEXIS 131686 at *16, 2016 WL 5339803 (N.D. Cal. Sept. 23, 2016).

35. For all of the foregoing reasons, Petitioner requests that an order be entered allowing the service on Capstone of the Subpoena attached to the

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

Declaration of Bernice Conn filed concurrently herewith. Petitioner also seeks such other and further relief as this court deems just and proper.

DATED: September 15, 2017

**ROBINS KAPLAN LLP**

By: ______________________________
Roman M. Silberfeld
Bernice Conn
Attorneys for Petitioner

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES